FRANCIS WILKINS v. ERNEST F. WILKINS.

[FILED SEPTEMBER 21, 1892.]

1. **Insanity:** VALIDITY OF CONTRACT BETWEEN FATHER AND SON. One F. W., father of E. F. W., assisted in paying and securing certain debts of his son, and received a bill of sale from the son of certain personal property which he took possession of. The proof clearly established the fact that the son, a year or more before the execution of the bill of sale, had been injured and his mind affected so as to incapacitate him to transact busi-

ness, and that his father had knowledge of these facts. In an action of replevin by the son to recover the property, the contract, not being for necessaries, was *held* void.

2. Subrogation. It is probable that in a proper proceeding the father may be subrogated to the rights of creditors of his son, whose debts he apparently in good faith paid, or secured, in whole or in part.

ERROR to the district court for York county. Tried below before NORVAL, J.

*Sedgwick & Power*, for plaintiff in error.

*E. A. Gilbert, contra.*

MAXWELL, CH. J.

This is an action of replevin brought by the defendant in error against the plaintiff in error to recover the possession of certain personal property. On the trial of the cause the jury disagreed, whereupon, by stipulation, the cause was submitted to the court upon the evidence, and judgment was rendered in favor of plaintiff below.

The plaintiff in error is the father of the defendant in error. In January, 1887, the son executed to his father a bill of sale as follows:

" Know all men by these presents, that I, E. F. Wilkins, of York county, Nebraska, for and in consideration of the sum of $1,000, do hereby sell and transfer unto Francis Wilkins, of York county, Nebraska, the following described property, to-wit: One pair of mules; one pair of mares, one black and one gray, seven years old; one brown horse, twelve years old; one iron-gray colt, coming three years old; three cows; one heifer; one calf; one Deering self-binder; one Deering mower; sulky hay-rake; one sulky stirring plow; two corn plows; one Moline wagon; one harrow; 1,000 bushels of corn. And I warrant the title thereto against all persons whomsoever.

" E. F. WILKINS.

" C. W. FAILING."

The father took possession of a portion of the above property and the son afterwards instituted this action and regained the property taken.    The defense was and is, that the son was *non compos mentis*, and hence that he was incapable of making a contract.

The testimony tends to show that some two years before the execution of the contract the son had been injured by a severe fall that had affected his brain, and that since that time he had to a great extent been incapacitated to transact business.    So far as we can judge, the father was anxious to aid his son to pay and secure certain debts and obligations and aided him in doing so, but well knowing at the time his condition.    The bill of sale, however, was not given to secure a debt for necessaries and is not binding on the son. It is probable that in a proper proceeding the father may be subrogated to the rights of creditors of his son whose claims were satisfied, or secured, in whole or in part; but under the pleadings he cannot have that relief in this action.    The judgment is

AFFIRMED.

POST, J., concurs.

NORVAL, J., took no part in the decision.